# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MERVAT SOTO,
      Appellant,

v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
      Agency.

DOCKET NUMBER
DC-0752-14-0707-B-1

DATE: February 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mervat Soto</u>, Clovis, California, pro se.

<u>Madeha Chaudry Dastgir</u>, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The agency has filed a petition for review, and the appellant has filed a cross petition for review, of the remand initial decision, which reversed the appellant's constructive removal. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the remand initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The facts of this case are set forth more fully in the Board's nonprecedential Remand Order and the administrative judge's remand initial decision.  *Soto v. Department of Health and Human Services*, MSPB Docket No. DC-0752-14-0707-I-1, Remand Order (Sept. 28, 2015); *Soto v. Department of Health and Human Services*, MSPB Docket No. DC-0752-14-0707-B-1; Remand File (RF), Tab 1, Remand Order, ¶¶ 2-7; Tab 49, Remand Initial Decision (RID) at 2-3. Briefly, the appellant was a GS-12 Management and Program Analyst for the agency, stationed in Rockville, Maryland.  Remand Order, ¶ 2.  In contemplation of a move to California related to her husband's military service, on December 11, 2013, the appellant executed an agreement with the agency allowing her to work remotely from her new home until June 2014, when the letter of agreement would be reevaluated.[2] *Id.*  The agreement provided for early

---

[2] The letter of agreement between the parties references the term "telework."  *Soto v. Department of Health and Human Services*, MSPB Docket No. DC-0752-14-0707-I-1,

termination if the appellant's performance fell below a fully successful level. *Id*. The appellant moved to California and worked remotely for about 2 months, when on February 18, 2014, her supervisor informed her that the agreement was being terminated early based on unsatisfactory performance. *Id*., ¶ 3. At some point, the agency informed her that she would have to return to duty in the Maryland office no later than March 17, 2014, or face removal. *Id*. After much fruitless effort to change the agency's decision, the appellant resigned effective May 5, 2014. *Id*., ¶¶ 4-6.

¶3    The appellant filed the instant Board appeal and requested a hearing, claiming that she had been constructively removed. *Id*., ¶ 6. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without a hearing, but the Board reversed and remanded, finding that the appellant had made a nonfrivolous allegation of Board jurisdiction. *Id*., ¶¶ 1, 6, 16.

¶4    After a hearing on remand, the administrative judge reversed the agency's action, finding that the agency had constructively removed the appellant without due process. RID at 8. He therefore reversed the agency's action on that basis. *Id*. The administrative judge also found that the appellant raised a marital status discrimination claim but that she failed to prove it. RID at 8-10. The administrative judge issued a standard status quo ante relief order, directing the

Initial Appeal File, Tab 5 at 51-52. However, the terms "telework" and "remote work" are distinct work arrangements and are often improperly used interchangeably. U.S. Office of Personnel Management, 2021 Guide to Telework and Remote Work in the Federal Government at 11, *available at* https://www.telework.gov/guidance-legislation/telework-guidance/telework-guide/guide-to-telework-in-the-federal-government.pdf. In practice, telework "is a work arrangement that allows employees to have regularly scheduled days on which they telework and regularly scheduled days when they work in their agency worksite." *Id.* By contrast, remote work "is an alternative work arrangement that involves an employee performing their official duties at an approved alternative worksite away from an agency worksite, without regularly returning to the agency worksite during each pay period." *Id.* at 53. For purposes of this decision, we will use the term that is more consistent with OPM's guidance.

agency to cancel the appellant's removal and restore her to duty retroactive to May 5, 2014, with the appropriate amount of back pay and benefits. RID at 10-11. The administrative judge also ordered the agency to provide interim relief in the event that either party petitioned for review. RID at 11.

¶5    The agency filed a timely petition for review, arguing that the administrative judge should have limited back pay to the period between May 5, 2014 (the effective date of the appellant's resignation) and June 30, 2014 (the remote work agreement's scheduled expiration). *Soto v. Department of Health and Human Services*, MSPB Docket No. DC-0752-14-0707-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 5-7. The appellant filed a timely response in opposition to the agency's petition, as well as a cross petition for review challenging the administrative judge's findings on her marital status discrimination claim. RPFR File, Tab 3 at 4-10. She also argues that the remedy should include back pay to March 18, 2014 (the date that the agency first placed her in an unpaid status) and instructions to maintain her in a remote work status for the duration of her husband's military orders. *Id*. at 10-11. After the close of the record on review, the appellant filed a document titled "Petition for Enforcement of Board Order," claiming that the agency has failed to restore her to the status quo ante and is engaging in discriminatory and retaliatory behavior toward her. RPFR File, Tab 5.

## ANALYSIS

¶6    When an agency is ordered to cancel an adverse action, the appellant must be restored to the status quo ante. The status quo ante is not mere reinstatement to the former position. Returning an appellant to the status quo ante means restoring her situation as nearly as possible, to that which she would have obtained but for the wrongful personnel action. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984); *Cloude v. Department of the Navy*, 83 M.S.P.R. 184, ¶ 7 (1999). Status quo ante relief includes cancelling the

action; reinstating the appellant to her former position or other substantially equivalent position, as appropriate; back pay; interest on back pay; and other employment benefits that she would have received had the action not occurred. *Samble v. Department of Defense*, 98 M.S.P.R. 502, ¶ 15 (2005). Furthermore, an appellant has not been returned to the status quo ante unless she has been returned to duty status in her position. *Fairley v. U.S. Postal Service*, 63 M.S.P.R. 10, 13 (1994).

<u>We decline to dismiss the agency's petition for review for failure to comply with the interim relief order.</u>

¶7        The appellant filed a motion requesting the Board dismiss the agency's petition for review for failing to comply with the administrative judge's interim relief order. RPFR File, Tab 6.[3] When an administrative judge orders interim relief, the Board's regulations require that an agency's petition for review be accompanied by a certification that it has complied with the interim relief order or has satisfied the requirements of 5 U.S.C. § 7701(b)(2)(A)(ii) and (B). 5 C.F.R. § 1201.116(a). In this case, all the agency has provided is an unsworn statement that it is "in the process" of providing the appellant back pay and "will" cancel her resignation and restore her to her position in a nonduty status. RPFR File, Tab 1 at 7-8. This is wholly inadequate to satisfy the agency's interim relief obligations and is a sufficient basis for us to dismiss the petition for review. *See Welch v. Department of Commerce*, 62 M.S.P.R. 87, 88-90 (1994); *Labatte v. Department of the Air Force*, 55 M.S.P.R. 37, 38 (1992); 5 C.F.R. § 1201.116(e).

¶8        Nevertheless, as explained below, even considering the agency's petition for review, it has not provided a basis to disturb the initial decision. Therefore, the appellant will not be prejudiced by the Board addressing the agency's arguments. Furthermore, we find that addressing the agency's arguments at this stage will clarify its obligations going forward. Therefore, in the interests of

---

[3] To the extent the appellant's filing is a request for the Board to enforce the interim relief order, *see infra* ¶ 17.

justice and judicial economy, we exercise our discretion and decline to dismiss the petition for review for failure to comply with the interim relief order. *See Byers v. Department of Veterans Affairs*, [89 M.S.P.R. 655](#), ¶ 13 (2001) (outlining that the dismissal of a petition for review for failure to provide interim relief is discretionary).

The agency's petition for review is denied.

¶9    On petition for review, the agency asks the Board to modify the administrative judge's status quo ante relief order by limiting back pay to the period between the date of the appellant's resignation, May 5, 2014, and the end of the remote work agreement, June 30, 2014. Specifically, the agency argues that, in his remand initial decision, the administrative judge indicated that the agency would have declined to renew the agreement because the appellant's 2013 performance was unsatisfactory. RPFR File, Tab 1 at 6. For the following reasons, we disagree.

¶10    First, the administrative judge never found that the appellant's performance for 2013 was actually deficient; rather, he found that her performance for that year was *rated* deficient, which appears to be undisputed. RF, Tab 39 at 4-5; RID at 6. He did not, nor did he need to, resolve the dispute over whether the appellant's performance for that period was actually deficient.

¶11    Second, even if the appellant's performance for 2013 were actually deficient, we find that this performance deficiency could no more serve as a basis for the agency to decline to extend the remote work agreement than it could to terminate the agreement early. If, at the time that the appellant executed the agreement on December 13, 2013, the agency already had sufficient information to know that it would decline to extend the agreement upon its expiration, there was no reason for the agreement to provide that, in June 2014, it would "be reviewed and a decision . . . made as to whether or not an extension of this agreement will be put in place." *Soto v. Department of Health and Human*

*Services*, MSPB Docket No. DC-0752-14-0707-I-1, Initial Appeal File (IAF), Tab 5 at 51.

¶12    Third, even if the agency would have declined to extend the appellant's remote work agreement in June 2014, there is no reason to assume that she would not have been ready, willing, and able to return to work in Maryland at that time. Indeed, the agency's entire argument on petition for review goes to whether back pay should be limited on the basis that the appellant would not have been ready, willing, and able to work after June 30, 2014. *See* 5 C.F.R. § 550.805(c) (periods for which an appellant was not ready, willing, and able to work excluded from back pay computation). Although it may sometimes be appropriate to address such matters during the merits phase of the proceedings, entitlement to back pay is normally a compliance matter. *Hodges v. Department of Justice*, 121 M.S.P.R. 337, ¶ 24 (2014). In this case, for the reasons explained above, we lack sufficient information at this stage to determine whether the appellant would have been ready, willing, and able to work after June 30, 2014. Therefore, the agency's arguments are more properly made in the context of compliance proceedings accompanied by concrete, positive evidence in support thereof. *See generally King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 13 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); *Hill v. Department of the Air Force*, 60 M.S.P.R. 498, 501-02 (1994).

The appellant's cross petition for review is denied.

¶13    In her cross petition for review, the appellant appears to challenge the administrative judge's finding on her marital status discrimination claim.[4] RPFR File, Tab 1 at 8-9. However, for the reasons explained in the remand initial

[4] Under 5 U.S.C. § 7701(c)(2)(B), an agency's decision may not be sustained if the employee shows that the decision was based on any prohibited personnel practice described at 5 U.S.C. § 2302(b). Section 2302(b)(1)(E), in turn, prohibits discrimination on the basis of marital status as prohibited under any law, rule, or regulation. An agency may not take an adverse action against an employee covered by 5 C.F.R. part 752, like the appellant, because of marital status. 5 C.F.R. § 720.901(b).

decision, we agree with the administrative judge that the appellant has not proven this claim. RID at 8-10. The Board has held that the analytical approach in Title VII cases applies to claims of marital status discrimination. *McClintock v. Veterans Administration*, 6 M.S.P.R. 475, 478 (1981). Even if the agency's explanations for its actions are not worthy of credence, this alone is insufficient to establish that the real reason for its actions was marital status discrimination. The appellant also must present some sort of affirmative evidence to show that marital status discrimination was, in fact, the real reason. *See Lewin v. Department of Justice*, 74 M.S.P.R. 294, 298-99 (1997). The appellant has provided no basis to disturb the administrative judge's finding that such evidence is absent from the record in this case. RID at 9-10.

¶14 The appellant also appears to contest the remand initial decision to the extent that the administrative judge found that her 2013 performance was unsatisfactory. RPFR File, Tab 3 at 9. However, as explained above, the administrative judge did not make any such finding, and no such finding was required for him to reach his decision. *Supra* ¶ 10.

¶15 The appellant further argues that she should be entitled to back pay beginning March 18, 2014—the first day that the agency placed her in an absence without leave (AWOL) status pursuant to the early termination of the remote work agreement. RPFR File, Tab 3 at 5, 10-11; IAF, Tab 5 at 26. We have considered the appellant's argument, but we find that it is beyond the Board's authority to order relief for this period in the context of the instant appeal. Status quo ante relief does not extend to circumstances that occurred before the personnel action under appeal, even if those circumstances are related to the otherwise appealable action. *See Maki v. U.S. Postal Service*, 41 M.S.P.R. 449, 457 (1989). In *Maki*, the Board found that it is generally inappropriate for an administrative judge to direct an agency to change an employee's leave status but that there are limited exceptions to the rule, including (1) when a period of leave constitutes a constructive suspension, (2) when a period of leave was the direct

result of discrimination, and (3) as part of status quo ante relief for leave that the appellant should have earned "between the date on which the action was effected and the date on which it was cancelled." 41 M.S.P.R. at 457-59. The appellant's AWOL in this case falls under none of these exceptions. Although the period of AWOL may have constituted a constructive suspension, the appellant did not challenge this alleged personnel action, and it was not the subject of the instant appeal.[5] IAF, Tab 1 at 1; RF, Tab 31 at 2. The AWOL does not fall under the second exception because the appellant has not shown that it was the result of discrimination or retaliation, and it does not fall under the third exception because it occurred before she resigned.

¶16     Finally, the appellant argues that the agency should be required to return her to duty in a remote work status for the duration of her husband's military orders. RPFR File, Tab 3 at 11. However, we find that the record is not sufficiently developed for us to determine what would have happened to the remote work agreement on June 30, 2014, or any time thereafter, were it not for the appellant's involuntary resignation. If the parties disagree about the status in which the appellant should be returned to duty, the proper place for resolving this dispute is in compliance proceedings.

The appellant's petition for enforcement is premature

¶17     The record on review closed on April 29, 2017, the date that any response to the appellant's cross petition for review was due. RPFR File, Tab 4 at 1. Then, on May 11, 2017, the appellant filed a document titled "Petition for Enforcement of Board Order," arguing that the agency has not provided her the relief that the administrative judge ordered and was instead continuing to threaten

---

[5] If the appellant wishes to challenge the AWOL period as a constructive suspension, she is free to file a separate appeal with the Board's regional office. However, the appellant will bear the burden of proving both the jurisdictional and timeliness issues, neither of which we purport to make any findings on at this time. *See Masdea v. U.S. Postal Service*, 90 M.S.P.R. 556, ¶ 9 n.* (2002).

her with AWOL and removal. RPFR File, Tab 5. We find that this petition for enforcement is premature because the remand initial decision was not yet final when the appellant filed the petition. *See* 5 C.F.R. § 1201.182(a) (providing, in relevant part, that "[a]ny party may petition the Board for enforcement of a final decision or order issued under the Board's appellate jurisdiction"); *see also Walker v. Department of Health and Human Services*, 99 M.S.P.R. 367, ¶ 8 (2005) (finding that the appellant filed a petition for review of the initial decision prior to filing a petition for enforcement, and therefore the initial decision was not a final decision and the petition for enforcement was premature). As described below, *infra* ¶ 21, no later than 30 days after the agency tells the appellant that it has fully carried out this Board's Order, she may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out this final Board Order.

## ORDER

¶18     We ORDER the agency to cancel the appellant's constructive removal and retroactively restore her to the GS-12 Management and Program Analyst position, effective May 5, 2014. *See Kerr*, 726 F.2d at 730. The agency must complete this action no later than 20 days after the date of this decision.

¶19     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

|  | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |
|---|---|

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.
2. The following information must be included on AD-343 for Restoration:
   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.